# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS PFEIFFER, | CASE NO. 1:08-cv-00293-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CORRECTIONAL OFFICER STONE, et al., | (Doc. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

## Findings and Recommendations Following Screening

**I.    Screening Requirement**

Plaintiff Douglas Pfeiffer is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on February 29, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall

///

1

1  dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534

5  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

6  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

7  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

8  claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, *supra*, 534 U.S. at 512.  A court

9  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

10 that could be proved consistent with the allegations. <u>Id</u>. at 514.  "'The issue is not whether a

11 plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

12 the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

13 unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003), *quoting*

14 <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); *see also* <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171

15 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the

16 claim . . . .'"), *quoting* <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001).  However, "the

17 liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitzke v. Williams</u>,

18 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

19 supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union</u>

20 <u>Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268

21 (9th Cir. 1982).

22 **II.**    <u>**Plaintiff's Claim**</u>

23     **A.**    <u>**Summary of Complaint**</u>

24        On January 15, 2007, Plaintiff, a resident of Sierra Conservation Center ("SCC"), was

25 placed in administrative segregation ("AD SEG") pending investigation.  At the time that he was

26 sent to AD SEG, Plaintiff was bunked in a open floor area, and his belongings were stored in an

27 adjacent locker.  When the charges against him were dismissed, Plaintiff discovered that because

28 ///

1  Defendants Stone and Maez had failed to secure his property until the next day, certain items,

2  including his color television, had been lost or stolen.

3    In addition to Correctional Officers Stone and Maez, Plaintiff names as Defendants Lt.

4  Kirkland, who conducted the initial interview relating to Plaintiff's administrative grievance;

5  Chief Deputy Warden Mendoza Salinas, who denied Plaintiff's grievance at the director's level,

6  and AWI Clay, who is named as a defendant in the caption but who is not mentioned anywhere

7  within the body of the complaint.

8    **B.    Missing Property**

9    Plaintiff alleges that some of his property was missing when he was released from AD

10  SEG.  Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d

11  728, 730 (9th Cir. 1974).  The Due Process Clause protects prisoners from being deprived of their

12  property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).   An

13  authorized, intentional deprivation of property is actionable under the Due Process Clause.

14  Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984); Logan v. Zimmerman Brush Co., 455 U.S. 422

15  (1982); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  In contrast, "[a]n unauthorized

16  intentional deprivation of property by a state employee does not constitute a violation of the

17  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

18  postdeprivation remedy for the loss is available."  Hudson, *supra*, 486 U.S. at 533.  The missing

19  property is an unauthorized deprivation.   Because Plaintiff has remedies available under

20  California law, he may not pursue a § 1983 claim based on the loss of his personal property.

21    **C.    Hearing Officers.**

22    Plaintiff's claims against Defendants Kirkland and Mendoza Salinas are based on their

23  roles in Plaintiff's grievance hearings.  Liability in a §1983 action may not be based on the actions

24  of prison personnel in reviewing a prisoner's administrative appeal.  Buckley v. Barlow, 997 F.2d

25  494, 495 (8th Cir. 1993).  Even if a plaintiff's underlying complaint gives rise to a Constitutional

26  violation, a hearing officer or other person does not violate the Constitution by failing to

27  acknowledge and cure it.  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).  *See also* Greeno

28  v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) (complaint examiners who process and investigate

1  plaintiffs' grievances not liable); <u>Reed v. McBride</u>, 178 F.3d 849, 851-52 (7th Cir. 1999)

2  (supervisors who negligently fail to detect and prevent misconduct not constitutionally liable);

3  <u>Vance v. Peters</u>, 97 F.3d 987, 992-93 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997)

4  (individual only liable if he caused or participated in constitutional violation).  Accordingly,

5  Plaintiff's complaint fails to assert a cognizable cause of action against Kirkland and Mendoza

6  Salinas.

7  **III.    <u>Conclusion and Recommendation</u>**

8       Plaintiff's complaint fails to state a cognizable claim under § 1983.  Because amending the

9  complaint will not cure the deficiency, this action is properly dismissed, with prejudice, for failure

10  to state a claim.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

11       For the aforementioned reasons, this Court HEREBY RECOMMENDS that Plaintiff's

12  complaint be dismissed, with prejudice, for failure to state a claim upon which relief may be

13  granted under § 1983.

14       These Findings and Recommendations will be submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

16  **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file

17  written objections with the court.  The document should be captioned "Objections to Magistrate

18  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

19  the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

20  F.2d 1153 (9th Cir. 1991).

21

22  IT IS SO ORDERED.

23  **Dated:   July 16, 2009**                         **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28